# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **KARLA** and **ALLEN LINDSEY** | |
| Plaintiffs, | |
| VS. | **CIVIL ACTION NO.** 5:16-cv-446 |
| **ENCORE PREAKNESS, INC** d/b/a SELECT MEDICAL, **REGENCY HOSPITAL COMPANY OF MACON, LLC** d/b/a REGENCY HOSPITAL, **REGENCY HOSPITAL COMPANY, LLC** d/b/a REGENCY HOSPITAL, **REGENCY HOSPITALS, LLC** d/b/a REGENCY HOSPITAL, **JOHN DOE CORPORATION(S) A-Z**, whom are not known by the Plaintiffs at this time but will be added by amendment when ascertained, and **JOHN DOES NOS 1-10**, whether singular or plural, masculine or feminine, whom are not known by the Plaintiffs at this time but will be added by amendment when ascertained | **ORIGINAL COMPLAINT FOR DAMAGES** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COME NOW, the Plaintiffs, KARLA and ALLEN LINDSEY, by and through undersigned counsel of record, and file this Complaint for Damages and respectfully show this Honorable Court as follows:

### I. PRELIMINARY MATTERS

1.

Plaintiffs herein assert the bases for subject matter jurisdiction, venue, and choice of law.

## I.A. SUBJECT MATTER JURISDICTION

2.

This Court has subject matter jurisdiction over the above-captioned case pursuant to 28 U.S.C. § 1332(a)(1).

3.

Plaintiffs hereby plead that they are citizens of the State of Georgia.

4.

The Defendant ENCORE PREAKNESS, INC is a for profit corporation organized under the laws of the State of Delaware. ENCORE PREAKNESS, INC's principal place of business is located in Mechanicsburg, Pennsylvania. For purposes of diversity jurisdiction, the Defendant ENCORE PREAKNESS, INC is considered to be both a citizen of the State of Pennsylvania and a citizen of the State of Delaware. See: Hertz Corp. v. Friend, 559 U.S. 77 (2010).

5.

The Defendant REGENCY HOSPITAL COMPANY OF MACON, LLC is a for profit limited liability company organized under the laws of the State of Delaware. REGENCY HOSPITAL COMPANY OF MACON, LLC's principal place of business is located in Mechanicsburg, Pennsylvania. For purposes of diversity jurisdiction, the Defendant REGENCY HOSPITAL COMPANY OF MACON, LLC is considered to be both a citizen of the State of Pennsylvania and a citizen of the State of Delaware. See: Hertz Corp. v. Friend, 559 U.S. 77 (2010).

6.

The Defendant REGENCY HOSPITAL COMPANY, LLC is a for profit limited liability

company organized under the laws of the State of Delaware. REGENCY HOSPITAL COMPANY, LLC's principal place of business is located in Mechanicsburg, Pennsylvania. For purposes of diversity jurisdiction, the Defendant REGENCY HOSPITAL COMPANY, LLC is considered to be both a citizen of the State of Pennsylvania and a citizen of the State of Delaware. See: Hertz Corp. v. Friend, 559 U.S. 77 (2010).

7.

The Defendant REGENCY HOSPITALS, LLC is a for profit limited liability company organized under the laws of the State of Delaware. REGENCY HOSPITALS, LLC's principal place of business is located in Mechanicsburg, Pennsylvania. For purposes of diversity jurisdiction, the Defendant REGENCY HOSPITALS, LLC is considered to be both a citizen of the State of Pennsylvania and a citizen of the State of Delaware. See: Hertz Corp. v. Friend, 559 U.S. 77 (2010).

8.

There is complete diversity among the Plaintiffs and the Defendants.

9.

The amount in controversy, as pled in this Complaint for Damages, exceeds $75,000.00.

10.

This Honorable Court has subject matter jurisdiction over the present case.

**I.B. VENUE**

11.

The Middle District of Georgia, Macon Division, is the proper venue for the above-captioned case pursuant to 28 U.S.C. § 1391(b)(2).

12.

The "events or omissions giving rise to the claim[s]" asserted by the Plaintiffs in the above-captioned case occurred in Bibb County, Georgia, which is in the Middle District of Georgia, Macon Division. 28 U.S.C. § 1391(b)(2).

13.

The Middle District of Georgia, Macon Division is the proper venue for this action.

### I.C. APPLICABLE LAW

14.

Pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), this Honorable Court is to apply the substantive law of the State of Georgia.

15.

Pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), this Honorable Court is to apply the procedural and evidentiary law of the United States.

### II. GENERAL FACTS COMMON TO ALL COUNTS

16.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

### II.A. RELATIONSHIP OF THE PARTIES

17.

Defendant ENCORE PREAKNESS, INC is the parent company of SELECT MEDICAL, a d/b/a of Defendant ENCORE PREAKNESS, INC, and a long term health and rehabilitation services company that administratively manages many facilities for such a purpose.

18.

Either REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, do business as REGENCY HOSPITAL at a facility located at 535 Coliseum Drive in Macon, Georgia (these Defendants collectively are hereinafter referred to as "REGENCY HOSPITAL").

19.

REGENCY HOSPITAL is either wholly owned by ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, is managed by ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, or is substantially controlled by ENCORE PREAKNESS,, INC d/b/a SELECT MEDICAL.

20.

JOHN DOE CORPORATION(S) A-Z are staffing corporations or companies utilized by REGENCY HOSPITAL to provide nursing care to patients admitted to REGENCY HOSPITAL.

21.

JOHN DOES NOS 1-10 are nurses employed by JOHN DOES CORPORATION(S) A-Z, REGENCY HOSPITAL, ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, or all of the aforementioned to provide nursing services to patients admitted to REGENCY HOSPITAL.

22.

Plaintiff KARLA LINDSEY was a patient of REGENCY HOSPITAL.

23.

Plaintiff ALLEN LINDSEY is the husband of Plaintiff KARLA LINDSEY.

## II.B. PLAINTIFF KARLA LINDSEY'S ADMISSION AND TREATMENT AT REGENCY HOSPITAL

24.

On or about October 17, 2014 was admitted to REGENCY HOSPITAL.

25.

PLAINTIFF KARLA LINDSEY "was noted by Dr. Tarun Gosh, MD., admitting physician [at REGENCY HOSPITAL], on his Admission History and Physical to have "...multiple stage 1 to 2 small sacral decuiti (4)." Exh A., Aff. Weekley, ¶ 5.

26.

On or about October 17, 2014, "the nursing admission data indicated the patient (Karla Lindsey) was on a ventilator, sedated (Diprovan and Fentanyl) and unable to move herself." Exh A., Aff. Weekley, ¶ 6.

27.

On October 17, 2014, it is "noted [in the] Nurse Progress Notes that 'Head to toe assessment complete." Exh A., Aff. Weekley, ¶ 8.

28.

However, "[t]here is no reference of the sacral wound[s] on 10/17/14 or 10/18/14 in the nurses notes after the initial admission assessment." Exh A., Aff. Weekley, ¶ 8.

29.

"There is no mention of the sacral decubiti in the nurses notes until 2 days later on 10/19/14." Exh A., Aff. Weekley, ¶ 10.

30.

The "wound care team" at REGENCY HOSPITAL were notified "by leaving [a] message

on [an] answering machine" on October 19, 2014 regarding Plaintiff KARLA LINDSEY's "sacral breakdown." Exh A., Aff. Weekley, ¶ 10.

31.

Despite this notification, "it was not until 10/29/14 that a sacral wound was documented by the nurses of Regency Hospital." Furthermore, "[t]here was no documentation by the wound care team nurses regarding a sacral wound until 11/5/2014." Exh A., Aff. Weekley, ¶ 10.

## II.C. INJURIES

32.

Plaintiff KARLA LINDSEY, as a direct and proximate result of the inactions alleged herein, developed a Stage IV necrotic/gangrenous sacral ulcer pressure sore measuring 10 x 7 x 3.5 centimeters – which extended from the surface of the skin to the sacrum and coccyx bones of KARLA LINDSEY.

33.

The aforementioned Stage IV necrotic/gangrenous sacral ulcer pressure sore required surgical debridement under anesthesia. Furthermore, Plaintiff KARLA LINDSEY developed infections in the area of the aforementioned pressure sore which required extensive medical treatment.

34.

The aforementioned pressure sore and infections required long term care for months.

35.

The aforementioned pressure sore and infections caused permanent, irreversible injury to the Plaintiff KARLA LINDSEY.

## II.D. DAMAGES

36.

As a direct and proximate result of the injuries alleged herein, Plaintiff KARLA LINDSEY has incurred medical expenses in excess of $3,000,000.00.

37.

As a direct and proximate result of the injuries alleged herein, Plaintiff KARLA LINDSEY incurred lost wages in excess of $1.00.

38.

As a direct and proximate result of the injuries alleged herein, Plaintiff KARLA LINDSEY has incurred general damages for which she is entitled to compensation as determined by the enlightened conscience of a fair and impartial jury. See: Smith v. Crump, 223 Ga.App. 52, 57(2) (1996). These general damages include her pain and suffering.

39.

Plaintiff ALLEN LINDSEY is entitled to compensation for the injuries sustained to his wife under a theory of loss of consortium pursuant to O.C.G.A. § 51-1-9.

40.

The actions of the Defendants described herein show "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" so as to warrant an award of punitive damages against the Defendants and in favor of the Plaintiffs pursuant to O.C.G.A. § 51-12-5.1(b).

## III. COUNT I: PROFESSIONAL NEGLIGENCE AS TO JOHN DOES NOS 1-10

41.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

42.

Defendant JOHN DOES NOS 1-10 owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

43.

Sometime after October 17, 2014, Defendant JOHN DOES NOS 1-10 breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

44.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

45.

Plaintiff KARLA LINDSEY has a cause of action against JOHN DOES NOS 1-10 for professional negligence.

46.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from JOHN DOES NOS 1-10 for the damages alleged in II.D. of this Complaint for Damages.

## IV. COUNT II: PROFESSIONAL NEGLIGENCEAS TO  REGENCY HOSPITAL COMPANY OF MACON, LLC

47.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

48.

Defendant REGENCY HOSPITAL COMPANY OF MACON, LLC owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

49.

Sometime after October 17, 2014, Defendant REGENCY HOSPITAL COMPANY OF MACON, LLC breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

50.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

51.

Plaintiff KARLA LINDSEY has a cause of action against REGENCY HOSPITAL COMPANY OF MACON, LLC for professional negligence.

52.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from REGENCY HOSPITAL COMPANY OF MACON, LLC for the damages alleged in II.D. of this Complaint for Damages.

## V. COUNT III: PROFESSIONAL NEGLIGENCE AS TO REGENCY HOSPITAL COMPANY, LLC

53.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

54.

Defendant REGENCY HOSPITAL COMPANY, LLC owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

55.

Sometime after October 17, 2014, Defendant REGENCY HOSPITAL COMPANY, LLC breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

56.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

57.

Plaintiff KARLA LINDSEY has a cause of action against REGENCY HOSPITAL COMPANY, LLC for professional negligence.

58.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from REGENCY HOSPITAL COMPANY, LLC for the damages alleged in II.D. of this Complaint for Damages.

## VI. COUNT IV: PROFESSIONAL NEGLIGENCE REGENCY HOSPITALS, LLC

59.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

60.

Defendant REGENCY HOSPITALS, LLC owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

61.

Sometime after October 17, 2014, Defendant REGENCY HOSPITALS, LLC breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

62.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

63.

Plaintiff KARLA LINDSEY has a cause of action against REGENCY HOSPITALS, LLC for professional negligence.

64.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from REGENCY HOSPITALS, LLC for the damages alleged in II.D. of this Complaint for Damages.

### VII. COUNT V: PROFESSIONAL NEGLIGENCE AS TO ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL

65.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

66.

Defendant ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

67.

Sometime after October 17, 2014, Defendant ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

68.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

69.

Plaintiff KARLA LINDSEY has a cause of action against ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL for professional negligence.

70.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL for the damages alleged in II.D. of this Complaint for Damages.

## VIII. COUNT VI: PROFESSIONAL NEGLIGENCE AS TO JOHN DOE CORPORATIONS A-Z

71.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

72.

Defendant JOHN DOE CORPORATIONS A-Z owed a duty to Plaintiff KARLA LINDSEY to act in accordance with the standard of care of the profession of nursing.

73.

Sometime after October 17, 2014, Defendant JOHN DOE CORPORATIONS A-Z breached the aforementioned duty by engaging in the manner alleged in this Complaint for Damages and its exhibits incorporated by reference. Exh A., Aff. Weekley, ¶ 4.

74.

The aforementioned breach of duty caused the injuries alleged in II.C. of this Complaint for Damages.

75.

Plaintiff KARLA LINDSEY has a cause of action against JOHN DOE CORPORATIONS A-Z for professional negligence.

76.

Plaintiffs KARLA and ALLEN LINDSEY are therefore entitled to recover from JOHN DOE CORPORATIONS A-Z for the damages alleged in II.D. of this Complaint for Damages.

## IX. COUNT VII: RESPONDEAT SUPERIOR AS TO ALL DEFENDANTS

77.

Plaintiffs hereby incorporate and reallege all statements in this Complaint for Damages as if the entirety of the same had been restated herein.

78.

Defendant JOHN DOES NOS 1-10 were acting within the scope of their employments as an employee for Defendants ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, or all of the aforementioned when committing the torts enumerated in COUNT I of this Complaint for Damages.

79.

Plaintiffs have a right to recover from Defendants ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, or all of the aforementioned for the negligence of their employees under a theory of respondeat superior.

80.

In the alternative or in addition to the allegations herein, Plaintiffs state that they have the right to recover from Defendants ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, or all of the aforementioned under a theory of negligent hiring and retention of an unsafe employee or any other applicable theory of vicarious liability permissible under Georgia Tort Law.

81.

Plaintiffs have a right to recover from Defendants Defendants ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, or all of the aforementioned for any damages awarded against Defendant JOHN DOES NOS 1-10.

82.

Plaintiffs, in the alternative or in addition to the allegations herein, have a right to recover directly from Defendants ENCORE PREAKNESS, INC d/b/a SELECT MEDICAL, REGENCY HOSPITAL COMPANY OF MACON, LLC, REGENCY HOSPITAL COMPANY, LLC, REGENCY HOSPITALS, LLC, or all of the aforementioned the damages alleged in II.D. of this Complaint for Damages for all injuries sustained as a result of the Defendants collective or individual negligence in hiring and retaining any unsafe employee.

WHEREFORE, the Plaintiffs pray that:

- a. Summons be issued as to the Defendants;
- b. that the Defendants be called to answer this Complaint for Damages;
- c. that a trial be held on all issues so triable;
- d. that a Judgment be entered against the Defendants for all the Plaintiffs' specific damages including past and future medical expenses and past and future lost wages, if applicable;
- e. that said Judgment include an award of attorneys' fees and costs for the Defendant's bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: <u>Bo Phillips Co. v. R.L. King Properties, LLC</u>, 336 Ga. App. 705 (2016);
- f. that said Judgment include a sum to compensate the Plaintiffs for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;
- g. that said judgment include an award for punitive damages for the Defendants' conduct as alleged in this Complaint for Damages and proven at trial by clear and convincing evidence; and,
- g. such further relief as this Court determines is adequate and just.

This 17 day of October, 2016

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

**PLEASE HAVE THE COBB COUNTY SHERIFF SERVE THE DEFENDANT  ENCORE PREAKNESS, INC AT:**

Encore Preakness, Inc.
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Georgia 30060

**PLEASE HAVE THE COBB COUNTY SHERIFF SERVE THE DEFENDANT REGENCY HOSPITAL COMPANY OF MACON, LLC AT:**

Regency Hospital Company of Macon, LLC
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Georgia 30060

**PLEASE HAVE THE COBB COUNTY SHERIFF SERVE THE DEFENDANT REGENCY HOSPITAL COMPANY, LLC AT:**

Regency Hospital Company, LLC
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Georgia 30060

**PLEASE HAVE THE COBB COUNTY SHERIFF SERVE THE DEFENDANT REGENCY HOSPITALS, LLC AT:**

Regency Hospitals, LLC
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Georgia 30060