# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ALLEN LINDSEY,** individually and as the Representative of the Estate of **KARLA LINDSEY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**REGENCY HOSPITAL COMPANY OF MACON LLC** d/b/a/ REGENCY HOSPITAL, **JOHN DOE CORPORATION(S) A-Z**, and **JOHN DOES (1-10),**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00446-TES** |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT TESTIMONY**
___

Before the Court is Plaintiff Allen Lindsey's Motion to Strike [Doc. 48] one of Defendant Regency Hospital's expert witness as untimely disclosed and as an improper and unacceptable way to extend the discovery deadlines, pursuant to Federal Rule of Civil Procedure 12(f).[1] [Doc. 48 at p. 1]. Plaintiff requests that the Court

___

[1] As noted, Plaintiff brings his motion under Rule 12(f), which provides: "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). Rule 7(a) plainly tells us that the following *pleadings* are allowed: complaints, answers to complaints, answers to counterclaims designated as counterclaims, answers to crossclaims, third-party complaints and replies to answers (but only if the court so orders). Thus, Rule 7 defines pleadings. It should be obvious that expert reports are not pleadings, so that the plain text of Rule 12, which is confined to pleadings, cannot be used to strike something not found in a pleading.

Moreover, the expert reports in question are neither redundant, immaterial, impertinent nor scandalous. The Court remains at a loss as to how or why Plaintiff could be confused about the applicability of Rule 12(f) to accomplish exactly what it is he is trying to accomplish.

completely strike the testimony of Lori Kelly, RN, MSN, MBA, EdD from the record and "have the parties adhere to their current discovery schedule." [*Id.* at p. 3]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## FACTUAL BACKGROUND

Plaintiff filed his Complaint on October 17, 2016. [Doc. 1]. After an order dismissing all corporate defendants except for Regency Hospital Company of Macon LLC, Defendant filed its Answer on February 7, 2017. [Docs. 16, 20]. On May 15, 2017, the Court signed the parties' proposed discovery order, agreeing with the parties that discovery would be completed by January 8, 2018. [Doc. 28 at p. 2]. However, the parties needed more time and they asked for their first extension. [Doc. 29].

The Court agreed to extend discovery and signed an Amended Discovery and Scheduling Order, extending the time to complete all discovery for an additional 90 days. [Doc. 30 at p. 1]. In March of 2018, Karla Lindsey died and the Court added Allen Lindsey, who was named as the Administrator of her Estate, to the suit. [Doc. 40]. On July 9, 2018, the Court held a telephone conference to discuss the possibility of a second extension. [Doc. 41]. During the telephone conference the parties explained why they needed more time, namely their explanations surrounded Ms. Lindsey's passing and *Plaintiff's* need

---

As noted in Defendants' Response [Doc. 49], the only way to strike the expert witness is by a sanction allowed under Rule 37 made possible by showing a violation of Rule 26. [Doc. 49 at p. 4]. Thus, the Court will analyze Plaintiff's request through this lens as opposed to the clearly unavailable route Plaintiff chose under Rule 12(f).

for time to consult with his experts to determine if he would amend his complaint to add a wrongful death claim. [*Id.* at p. 2].

On July 11, 2018, the Court again amended its discovery order and set September 14, 2018, as the date by which Defendants had to disclose its experts. [Doc. 42 at p. 2]. Defendants named two MD experts and timely submitted its respective Rule 26 expert reports. [Doc. 49-1]. Additionally, Defendants explained that its nursing expert had recently and unexpectedly withdrawn from the case and noted that it was still in the process of retaining a suitable nursing expert. [*Id.* at pp. 2-3].

On October 2, 2018, the parties filed a Consent Motion to Amend Discovery once again. [Doc. 44]. On October 9, 2018, the Court held another telephone conference to confer with the parties about yet another discovery extension and expressed its concerns regarding the pace of discovery. [Doc. 45 at p. 1]. Importantly, Plaintiff never mentioned any concern he may have had over the Defendants' revelation that it had lost its nursing expert and was in the process of naming a new one. Nonetheless, the Court extended discovery again, this time up to and including March 31, 2019. [Doc. 46 at p. 2].

On December 12, 2018, Defendant disclosed Lori Kelly, RN, MSN, MBA, EdD as its nursing expert and produced her expert report. [Doc. 49-2]. With her report, Defendants identified ten dates during the remaining discovery period that Ms. Kelly was prepared to sit for a deposition. [*Id.* at p. 2]. It also offered to consent to another extension if the Plaintiff wanted to identify a rebuttal expert. [*Id.* at pp. 2-3]. On January

3

3, 2019, Plaintiff filed this Motion to Strike Ms. Kelly as Defendants' expert.

**DISCUSSION**

A. **Expert Disclosure Under Federal Rule of Civil Procedure 26**

The Federal Rules of Civil Procedure require the parties to disclose all expert witnesses, accompanied with a written report, "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A)-(D). The Court's Rules 16 and 26 Order in this case requires expert disclosures to be filed "early enough in the discovery period to give the opposing party the opportunity to depose the expert." [Doc. 26 at p. 3]. However, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also OFC Fitel, LLC v. Epstein, Baker, & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2018), *infra*. "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 381 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). Finally, in ruling on motions like the one before it, the Court, under Federal Rule of Civil Procedure 37, has "broad, although not unbridled, discretion in imposing sanctions." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (internal citations omitted). With this standard in mind, the Court rules on Plaintiff's motion below.

### B.     Plaintiff's Motion to Strike Testimony of Lori Kelly, RN, MSN, MBA, EdD

In response to Plaintiff's motion, Defendants first contend that its late disclosure is substantially justified because its previous expert unexpectedly withdrew from the case after working on the case for "more than a year." [Doc. 49-1 at p. 1]. Although Defendants' counsel immediately began the search for a replacement expert, he explained in his brief that he could not find one before the conclusion of the September 14, 2018 disclosure deadline. [Doc. 49 at p. 4]. However, he did disclose that fact to Plaintiff and made him aware that he was continuing to search for a replacement. *See* [Doc. 49-a at p. 2]. Further, the record contains no evidence that the Plaintiff objected in the slightest bit. Second, Defendants argue the delay was harmless, given that the Court has not set a trial date for this case and Plaintiff's opportunity to depose the retained experts is well within the prescribed discovery time period.

In support of its argument, Defendants point to *Fitel* where the Eleventh Circuit reversed the district court's order excluding an expert report for untimely production. 549 F.3d at 1363. The Eleventh Circuit found the late disclosure was not a willful delay or stonewalling, but rather, it was due to a good-faith attempt to accommodate the opposing counsel's schedule, and a good-faith belief that expert disclosures should not be made until the relevant fact discovery was complete. *Id.* at 1365. Though the facts of *Fitel* are not identical to those surrounding this case, the Court agrees that the same reasoning applies. Defendants' untimely disclosure was clearly due to its original expert's sudden and

unexpected withdrawal. Given the voluminous records that Ms. Kelly had to review, the Court finds it entirely reasonable that she took until December to produce her Rule 26 expert report.

Most importantly, no trial date for the case has been set. *See Stoner v. Fye*, No. 5:15-CV-102 (CAR), 2016 WL 3869853, at *2 (M.D. Ga. July 15, 2016) (holding that because no trial date has been set there is "no claim . . . that the passage of time effected [Plaintiff's] ability to employ a rebuttal [ ] expert or the ability of [his] expert to conduct needed analysis"). Therefore, the Court finds the late disclosure was substantially justified and harmless. Accordingly, Plaintiff's Motion to Exclude [Doc. 48] is **DENIED**.

The Court agrees with Plaintiff that the parties should adhere to their current discovery schedule and anticipates that the parties will not ask for a fifth extension.

**SO ORDERED** this 23rd day of January, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**